```
1   Jack Silver, Esq. SB  #160575
    Email: lhm28843@sbcglobal.net
2   LAW OFFICE OF JACK SILVER
    Post Office Box 5469
3   Santa Rosa, CA 95402-5469
    Tel.  (707) 528-8175
4   Fax. (707) 528-8675

5   David J. Weinsoff, Esq. SB #141372
    Email: david@weinsofflaw.com
6   LAW OFFICE OF DAVID WEINSOFF
    138 Ridgeway Avenue
7   Fairfax, CA 94930-1210
    Tel. (415) 460-9760
8   Fax. (415) 460-9762

9   Attorneys for Plaintiff:
    CALIFORNIA RIVER WATCH
10
    Sherri M. Kirk, Esq.  SB #085804
11  Email: saclaw@sbcglobal.net
    THE KIRK LAW FIRM
12  770 L Street, Suite 950
    Sacramento, CA 95814
13  Tel. (916) 438-6932
    Fax. (916) 438 6933
14
    Attorneys for Defendants:
15  COLD CREEK COMPOST, INC. and
    MARTIN MILECK
16
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH,  a 501(c)(3), non-profit, Public Benefit Corporation,<br><br>          Plaintiff,<br>     v.<br><br>COLD CREEK COMPOST, INC.; MARTIN MILECK,<br><br>          Defendants. | CASE NO:  3:14-cv-01212 VC<br><br>**JOINT STIPULATION FOR RELIEF FROM SCHEDULING ORDER;** [PROPOSED] **ORDER** AS MODIFIED **[Civil L. R. 6-2**]<br><br>Trial Date:  May 11, 2015 |

WHEREAS, This is an action for injunctive relief, civil penalties and restitution brought

against Defendants for current and ongoing violations of the Clean Water Act , 33 U.S.C. §1251

---

1

Joint Stipulation For Motion for Relief From Scheduling Order
3:14-cv-01212 VC

1  *et seq*. The initial Complaint was filed on March 14, 2014. A First Amended Complaint was
2  filed on May 19, 2014. Defendants filed a response to the First Amended Complaint on June
3  26, 2014.

4  WHEREAS the matter was referred for Court-sponsored Early Neutral Evaluation
5  ("ENE") on July 10, 2014 (DKT #25).

6  WHEREAS the parties have previously stipulated, and the Court granted as applicable,
7  the following extensions of time in this case:

8      1.    Stipulation Extending Time Within Which to Respond to Complaint for Injunctive
9          Relief, Civil Penalties, Restitution and Remediation (DKT #11)

10     2.    Stipulation and Consent to Filing of First Amended Complaint; Stipulation and
11         Request for Continuance of Initial Case Management Conference(DKT #20)

12     3.    Stipulation Continuing Case Management Conference and Extending the Deadline
13         for Case Management Statement (DKT #28)

14 WHEREAS the parties appeared for Case Management Conference on August 12, 2014,
15 following which the Court issued a Pretrial Scheduling Order (DKT #30) setting forth the
16 following schedule which includes a compressed discovery time frame with a Discovery Cutoff
17 date of December 5, 2014:

18 Fact Discovery Cutoff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . December 5, 2014
19 Completion of expert witness disclosure. . . . . . . . . . . . . . . . . . . . . . . . . . . December 19, 2014
20 Designation of Rebuttal Experts with Reports. . . . . . . . . . . . . . . . . . . . . . . October 25, 2013
21 Expert Discovery Cutoff. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . January 30, 2015
22 Last day to file dispositive motions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . February 2, 2015
23 Last Day for Hearing on Dispositive Motions. . . . . . . . . . . . . . . . . . . . . . . . March 12, 2015
24 Final Pretrial Conference. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . April 28, 2015
25 Bench Trial.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . May 11, 2015

26 WHEREAS, On October 7, 2014 the parties concluded Court sponsored ENE/mediation
27 which did not result in the case settling, following which Plaintiff decided to dismiss rather than
28

2

Joint Stipulation For Motion for Relief From Scheduling Order
3:14-cv-01212 VC

1  continue with the action.

2        WHEREAS, Plaintiff, having requested but not obtained agreement from Defendants to
3  stipulate to a voluntarily dismissal, has filed a formal Motion to Voluntarily Dismiss and
4  accompanying Motion to Shorten Time.

5        WHEREAS, Defendants' counsel, following the Case Management Conference and
6  setting of the Pretrial Schedule, realized that the May 11, 2015 trial date conflicts with a prior-
7  scheduled trial in a separate matter.

8        WHEREAS Plaintiff, while seeking voluntarily dismissal of the action through its
9  separately filed noticed motion, seeks relief from the Scheduling Order in order to avoid time
10 consuming and expensive continuing discovery (including scheduled depositions and site visits
11 with its experts) that must otherwise be concluded by the December 5, 2014 deadline.  The
12 parties intend to suspend all discovery pending the outcome of the Court's ruling on the Motion
13 to Voluntarily Dismiss. Should the Court not grant the Motion to Voluntarily Dismiss, Plaintiff
14 is requesting the additional time identified below in order to conduct discovery related to
15 engineering, hydrology, and water quality issues that have arisen as a direct result of
16 investigation and analysis conducted during the current discovery period.

17       WHEREAS the parties' request for relief from the August 12, 2014 Scheduling order
18 comports with the FRCP 16(b)(4) requirement that "[a] schedule may be modified only for good
19 cause …" Case law defines when such relief should be granted, focusing principally on the
20 <u>diligence</u> of the moving party and its reasons for seeking modification. *C.F. ex rel. Farnan v.*
21 *Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). According to *Johnson v.*
22 *Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) diligence under Rule 16 is
23 demonstrated by the moving party's showing (1) diligence in assisting the court in creating a
24 workable Rule 16 order; (2) that the noncompliance with a Rule 16 deadline is occurring,
25 notwithstanding diligent efforts to comply, because of the development of matters that could not
26 have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference
27 on August 12th; and (3) diligence in seeking amendment of the Rule 16 order, once
28

1  noncompliance became apparent. *i.d.* at 609. See also *Jackson v. Laureate, Inc.*, 186 F.R.D. 605,
2  608 (E.D. CA 1999) and *Trulsson v. County of San Joaquin*, 2013 U.S. Dist. LEXIS 124753 *3-
3  4 which employed the 3-prong test established in *Johnson.* While Defendants' basis for relief
4  is a scheduling conflict, Plaintiff's request is grounded squarely on the three specific elements
5  identified in the case law cited above.

6  WHEREAS, Plaintiff has been and continues to be diligent in its work to complete
7  discovery by the deadlines set by the Court, and seeks relief only to avoid unnecessary work and
8  expense (for all Parties) in advance of the Court's hearing on Plaintiff's separately filed Motion
9  to Voluntarily Dismiss and accompanying Joint Motion to Shorten Time. Plaintiff has exercised
10 diligence in pursuing discovery by propounding interrogatories, requests for production, and
11 requests for admissions. Plaintiff has also taken the deposition of defendant Martin Mileck, the
12 owner and operator of Cold Creek Compost, Inc., participated in the deposition of the non-party
13 water quality control regulator for the site, and conducted a preliminary non-expert site
14 inspection. Defendants have propounded requests for production and taken the FRCP 30(b)
15 deposition of Plaintiff as well as the deposition of the non-party water quality control regulator
16 for the site. Plaintiff has scheduled the depositions of key employees and consultants. Plaintiff
17 has also scheduled a site visit with its team of experts.

18 WHEREAS, Plaintiff contends that due to this discovery, numerous issues regarding
19 liability require much more extensive discovery to resolve. Environmental cases such as this
20 pose complex factual issues requiring not just discovery that is anticipated and can be planned
21 for in advance of the filing of a complaint, but the scientific and regulatory issues that arise only
22 during the discovery period. In this case, for example, the hydrology of the site (located entirely
23 within private property ranch lands not open to the public) is at issue. Water quality testing and
24 agronomic analysis, for example, are necessary to determine whether Defendants are in
25 compliance with the federal Clean Water Act storm water requirements. In the event the case
26 is not dismissed, Plaintiff requests the additional reasonable time during the upcoming rainy
27 season to complete this analysis.

28

WHEREAS, with the likelihood this court will grant Plaintiff's Motion to Voluntarily Dismiss, the continuation of discovery efforts undertaken solely because of the looming December 5, 2014 Discovery Cutoff is a wasteful use of the parties' funds. As noted in the case law cited above, diligence in seeking relief from the Court is required. The parties satisfy this requirement by filing this Joint Stipulation shortly after completion of the ENE/mediation and the opportunity to assess this matter. The parties believe that a reasonable resetting of the Pretrial Schedule will allow the Motion to Voluntarily Dismiss to be heard and considered by the Court, relieving the parties of the time and expense of conducting discovery that may ultimately be unnecessary.

WHEREFORE, IT IS HEREBY STIPULATED by and between the parties, through their counsel of record, with the consent and approval of this Court, that the Court re-set the dates in the Pretrial Schedule issued August 13, 2014 by extending the scheduled deadlines by 60 days after the court issues its decision regarding Plaintiff's Motion to Voluntarily Dismiss.

Dated: October 14, 2014         /s/ David J. Weinsoff
                                DAVID J. WEINSOFF
                                Attorney for Plaintiff
                                CALIFORNIA RIVER WATCH

Dated: October 15, 2014         /s/ Sherri M. Kirk
                                SHERRI M. KIRK
                                Attorney for Defendants
                                COLD CREEK COMPOST, INC., MARTIN MILECK

[~~PROPOSED~~] ORDER  AS MODIFIED

~~Having considered the foregoing Stipulation, and good cause appearing therefore, it is so ORDERED.~~  The matter is schedule for a further case management conference on November 18, 2014, at 10:00 a.m. with a joint cmc statement due November 12, 2014.

Dated: October 21, 2014         _____
                                VINCE CHHABRIA
                                U. S. DISTRICT JUDGE